UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJAI CALIP,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 15-cv-00877-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 32 |

On September 4, 2015 and October 16, 2015, the Court held hearings on defendant's motion to dismiss the second amended complaint. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss the second amended complaint, and GRANTS plaintiff **one final opportunity to amend the complaint.** If plaintiff wishes to amend the complaint, she must file the amended complaint no later than **November 13, 2015**.

**BACKGROUND**

Plaintiff, who is acting *in pro per*, filed this case on February 26, 2015. The original complaint appeared to allege that plaintiff had been wrongfully terminated from her position as a paraprofessional at Oakland Unified School District on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. In an order filed March 3, 2015, Magistrate Judge Westmore denied without prejudice plaintiff's application for leave to proceed *in forma pauperis* ("IFP") because plaintiff's application was incomplete. Dkt. 4. The Court's March 3, 2015 order directed plaintiff to file another IFP application with complete information. The same order also dismissed the original complaint, noting that although plaintiff

alleged that she had been terminated on the basis of her gender, the complaint did not provide any details of the events that led to her termination. The Court also noted that plaintiff's termination occurred on January 20, 2010, which was more than four years prior to the filing of this action, and is, therefore, likely barred by the statute of limitations. Finally, the Court noted that plaintiff did not allege that she exhausted her administrative remedies prior to filing this lawsuit. The Court dismissed the complaint and granted plaintiff leave to file an amended complaint by March 31, 2015.[1]

On April 27, 2015, plaintiff filed a First Amended Complaint ("FAC").[2] The FAC alleged a claim for employment discrimination in violation of Title VII, and alleged that the discrimination occurred between approximately 2008 and 2010. FAC ¶ 6. Although the FAC did not allege when plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), the FAC alleged that "the Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about Approx. 2010-2011." *Id*. ¶ 9. However, the Notice-of-Right-to-Sue letter attached to the FAC is dated March 24, 2015. *Id*. Ex. 1.

On June 22, 2015, defendant moved to dismiss the FAC as untimely, as well as based on failure to exhaust administrative remedies and failure to state a claim. On July 7, 2015, plaintiff filed a Second Amended Complaint ("SAC"). The SAC alleges a claim for breach of contract and a claim for "employment discrimination." The SAC alleges that plaintiff was "a union employee

---

[1] That order also informed plaintiff that "[t]o aid in her compliance with this order, Plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information, is available online at: http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants— by calling (415) 782-8982 to make an appointment to have any remaining questions answered." *Id.* at 2.

[2] The docket reflects that prior to the filing of the amended complaint, several court orders and documents that were mailed to plaintiff, including the March 3, 2015 order, were returned to the court as undeliverable. Plaintiff filed a notice of her correct address with the court on April 27, 2015. On April 28, 2015, defendant filed a motion to dismiss this case based on plaintiff's failure to comply with court orders directing plaintiff to file by March 31, 2015, an amended complaint and an amended application to proceed *in forma pauperis*. In an order filed June 2, 2015, the Court denied defendant's motion to dismiss based on failure to prosecute, granted plaintiff's amended motion for leave to proceed *in forma pauperis*, and again directed plaintiff to the Federal Pro Bono Project's Help Desk. Dkt. 23.

with benefits and job related contractual rules." SAC ¶ 6. The SAC alleges that plaintiff "was not reassigned according to contract that states an employee has the right to available work after the 90 day probation. And if work is available to stay working unless on strike which the plaintiff was never on any strike." *Id*. ¶ 8.  The breach of contract claim alleges that defendant "failed to pay Plaintiff her back pay, failed to reassign her, and failed to pay her ongoing salary and benefits, as the contract required it to do." *Id*. ¶ 14.  The employment discrimination claim does not identify the statute or statutes under which it is brought.  Under the employment discrimination claim, plaintiff alleges that she "engaged in protected activity by making a complaint of sexual harassment," that defendant "failed to pay Plaintiff her back pay, failed to reassign her, and failed to pay her ongoing salary and benefits," and that "[d]efendant refused to do these things in retaliation for Plaintiff's engaging in protected activity." *Id*. ¶¶ 17-19. The SAC does not allege that plaintiff exhausted her administrative remedies with regard to the employment discrimination (or retaliation) claim.

On July 21, 2015, plaintiff filed a motion for judgment on the pleadings, and on July 22, 2015, defendant moved to dismiss the SAC.  Plaintiff did not file an opposition to defendant's motion to dismiss the SAC.  Both motions were scheduled for a hearing on September 4, 2015. In an order filed August 31, 2015, the Court denied plaintiff's motion for judgment on the pleadings. With regard to defendant's motion to dismiss the SAC, the Court's order stated,

> Defendant's motion to dismiss the second amended complaint "(SAC") argues that this Court lacks jurisdiction over plaintiff's claim of employment discrimination because the SAC does not allege the dates of plaintiff's employment nor does it allege that plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing this lawsuit. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.").
>
> Plaintiff did not file an opposition to the motion to dismiss the second amended complaint. The Court has reviewed the SAC as well as the original and first amended complaints. The original complaint alleged that plaintiff was wrongfully terminated on or about January 20, 2010, Compl. ¶ 8, and the first amended complaint ("FAC") alleged that the discrimination occurred between approximately 2008 and 2010. FAC ¶ 6. Although the FAC did not allege when plaintiff filed an administrative charge with the EEOC, the FAC alleged that "the Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about Approx. 2010-2011." Id. ¶

9. However, the Notice-of-Right-to-Sue letter attached to the FAC is dated March 24, 2015. Id. Ex. 1.

> At the September 4, 2015 hearing, plaintiff should be prepared to address (1) when the alleged discrimination occurred; (2) whether plaintiff filed a charge with the EEOC regarding that discrimination, and if so when, and when did plaintiff receive a Notice-of-Right-to-Sue letter; and (3) whether the March 24, 2015 Notice-of-Right-to-Sue letter relates to the matters alleged in the SAC.

Dkt. 36 at 1-2.

On September 4, 2015, the Court held a hearing on defendant's motion to dismiss the second amended complaint. At that hearing, the Court asked plaintiff to clarify the nature of her claims. Plaintiff stated that in 2010, defendant was supposed to reassign her to Skyline High School, and defendant failed to do so. Plaintiff also stated that she believed that the failure to reassign was retaliatory. Plaintiff also stated that her claims arose out of events that occurred in 2014, and that she had a meeting in 2014 with either her union or someone from the school district regarding the failure to reassign her. It was not clear from the discussion at the hearing whether plaintiff had filed an EEOC charge in 2014, or whether the claims that plaintiff wished to pursue in this lawsuit have been exhausted.[3] The Court set a further hearing on defendant's motion to dismiss the second amended complaint for October 16, 2015, and the Court directed plaintiff and defense counsel to meet and confer regarding the new allegations raised by plaintiff at the September 4, 2015 hearing, and whether plaintiff had filed an EEOC charge regarding those claims.[4]

On October 16, 2015, the Court held a second hearing on defendant's motion to dismiss the second amended complaint. At that hearing, the Court again asked plaintiff to state the factual basis for her claims. Plaintiff stated that she felt that she had been retaliated against after she

---

[3] There was also no explanation of the March 24, 2015 right to sue letter attached to the FAC, or its relevance to this case.

[4] On October 13, 2015, defendant filed the declaration of Eric Bengston, counsel for defendant. Dkt. 40. Mr. Bengston attached to his declaration e-mail correspondence between himself and plaintiff between September 4, 2015 and September 8, 2015. In those e-mails, Mr. Bengston asked plaintiff (1) whether she filed any EEOC claim against the District in 2014; and (2) to provide him with a copy of the alleged EEOC claim filed against the District in 2014 in order to present it to the Court. *Id*. Ex. A. In response to Mr. Bengston's questions, plaintiff stated, *inter alia*, "my case isn't about anything that has to do with EEOC," and that the EEOC claim "is now irrelevant." *Id*. Ex. B, F.

1  complained about harassment, and that the retaliatory act was the failure to reassign her. It was
2  unclear from the discussion at the hearing whether this occurred in 2010 or later, and it was also
3  unclear whether plaintiff had exhausted her administrative remedies regarding this claim. At the
4  hearing, defense counsel stated that he was unaware of any EEOC charge filed by plaintiff against
5  the District aside from the March 24, 2015 EEOC charge, that plaintiff had last worked for the
6  District in January 2010, and that plaintiff had filed previous lawsuits against the District
7  regarding the failure to reassign her. On October 28, 2015, defendant filed a request for judicial
8  notice attaching various documents related to plaintiff's state court lawsuits, including an order
9  declaring plaintiff a vexatious litigant. Dkt. 44.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

5

1    court must assume that the plaintiff's allegations are true and must draw all reasonable inferences
2    in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
3    However, the court is not required to accept as true "allegations that are merely conclusory,
4    unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536
5    F.3d 1049, 1055 (9th Cir. 2008).

6    If the Court dismisses the complaint, it must then decide whether to grant leave to amend.
7    The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no
8    request to amend the pleading was made, unless it determines that the pleading could not possibly
9    be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
10   (citations and internal quotation marks omitted).

## DISCUSSION

13   Defendant contends, *inter alia*, that plaintiff has not established federal subject matter
14   jurisdiction because the SAC does not allege that plaintiff filed a charge with the EEOC regarding
15   the alleged employment discrimination.  "To establish federal subject matter jurisdiction, a
16   plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a
17   Title VII claim."  *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).  "Exhaustion of
18   administrative remedies under Title VII requires that the complainant file a timely charge with the
19   EEOC, thereby allowing the agency time to investigate the charge."  *Id*. at 1104; 42 U.S.C. §
20   2000e–5(b).  In addition, for this Court to have jurisdiction over plaintiff's claims, plaintiff must
21   allege a claim under federal law.

22   The Court finds that the SAC does not state a claim over which this Court has jurisdiction
23   because the SAC does not allege that plaintiff exhausted her administrative remedies, and the SAC
24   does not identify a federal statute under which plaintiff brings her claims.  In light of plaintiff's *pro*
25   *se* status, the Court will grant plaintiff **one final opportunity** to amend the complaint.  If plaintiff
26   wishes to amend the complaint, plaintiff must set forth the following in the amended complaint:
27   (1) the specific actions by the District that plaintiff is challenging; (2) the dates those actions
28   occurred; (3) the legal basis for each claim (for example, if the claim is for employment

discrimination or retaliation, plaintiff must identify the statute that is the basis of her claim); (4) if plaintiff alleges employment discrimination or retaliation, whether plaintiff filed a charge with the EEOC, the date that she filed that charge, and whether plaintiff received a right to sue letter; (5) if plaintiff alleges employment discrimination, the facts in support of her claim that she was discriminated against (for example, if plaintiff claims she was discriminated against on the basis of her sex, she must explain why she believes the challenged action was discriminatory); and (6) if plaintiff alleges retaliation, she must allege the protected activity she engaged in and the specific retaliatory acts.

**<u>If plaintiff fails to file an amended complaint by November 13, 2015, the Court will dismiss this action.</u>**

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion to dismiss the second amended complaint, and GRANTS plaintiff one final opportunity to amend. Dkt. 32. **<u>If plaintiff fails to file an amended complaint by November 13, 2015, the Court will dismiss this action.</u>** The Court also GRANTS defendant's request for judicial notice. Dkt. 44.

**IT IS SO ORDERED**.

Dated: November 2, 2015

SUSAN ILLSTON
United States District Judge